**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**(West Palm Beach Division)**

**Case No.: _____**

JOHN KENNEDY AND JENNIFER
KENNEDY, AND iTEST ENVIRONMENTAL,
LLC a/a/o JOHN & JENNIFER
KENNDY,

      Plaintiffs,                     Removed from Circuit Court
                                      of Palm Beach County, Florida
v.                                   Case No: 50-2022-CA-002300

NATIONAL SPECIALTY INSURANCE COMPANY,

      Defendant.
_____ /

**INDEX OF RECORD**

      Defendant National Specialty Insurance Company hereby files this Index of Record

of the Palm Beach State Court filings to date relative to the Notice of Removal filed on this

date in the above-referenced matter:

      1.      Division Assignment

      2.      Civil Cover Sheet,

      3.      Complaint (efiled),

      4.      Request for Production of Documents

      5.      Request For Admissions; First Request To Defendant F/B Plt

      6.      Notice Of Filing Interrogs; Notice Of Service Of First Interrogatories To

                Dft F/B Plt

      7.      Notice Of Taking Deposition; Video Deposition Duces ,

8.      Notice Of Taking Deposition

9.      Notice Of Email Designation; F/B Atty Davis Obo Plt

10.     Summons Issued

11.     Paid $411.00 On Receipt 4384901; $411.00; 4384901; Fully Paid,

12.     Civil Cover Sheet; Filed By Plts

13.     Acceptance; Plaintiffs' Notice Of Filing

14.     Service Returned (Numbered); Notice Of Service Of Process Served

15.     Answer & Affirmative Defenses

16.     Notice Of Appearance Civil; And E-Mail Designation

17.     Notice Of Appearance Civil; And E-Mail Designation

18.     Motion To Strike

19.     Notice Of Filing Interrogs;

20.     Notice Of Filing Interrogs

21.     Request For Admissions;

22.     Request For Admissions

23.     Objection; Defendant's Objection

24.     Notice Of Jury Trial; F/B Plts

25.     Notice Plaintiffs Notice Of Withdrawal

26.     Motion For Extension Of Time

27.     Notice Defendant's Notice Of Service Of Its First Proposal For Settlement

28.     Notice Defendant's Notice Of Service Of Its First Proposal For Settlement

29.     Notice Defendant's Notice Of Related Cases And Motion To Consolidate

30.    Notice For Removal

Date:  July 14 2022,                          Respectfully submitted,

                           By:    /s/ Tamara A. Greer
                                  Tamara A. Greer (Fla. Bar No. 104732)
                                  Brian P. Henry (Fla. Bar No. 0089069)
                                  ROLFES HENRY CO., LPA
                                  3191 Maguire Boulevard, Suite 160
                                  Orlando, Florida  32803
                                  Telephone:    (407) 284-4990
                                  Email: tgreer@rolfeshenry.com
                                              bhenry@rolfeshenry.com
                                              jamador@rolfeshenry.com
                                              kdeglman@rolfeshenry.com

                                  *Attorneys for Defendant*
                                  *National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been

served via e-mail on counsel for all parties at the email addresses below or has been

served by automatic service by the Court's e-filing system, on this 14th day of July 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Telephone:    (561) 892-9657
Fax:          (866) 641-4690
Email:        jdavis@kpattorney.com
              edejesus@kpattorney.com
              FirstPartyEService@kpattorney.com

*Attorneys for Insured Plaintiffs*

Jose C. Leon, Esq. (Fla. Bar. No. 125553)
Law Office Of Jose C. Leon, PLLC

2915 Biscayne Boulevard
Suite 300
Miami, FL  33137-4197
Telephone:      (305) 300-2839
Email:          jleon@jleonlaw.com
                service@jleonlaw.com

*Attorney for Plaintiffs*

                      */s/ Tamara A. Greer*
                      Tamara A. Greer, Esq. (Fla. Bar No. 1004732)

4

Filing # 145567009 E-Filed 03/11/2022 03:19:22 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.      CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>JOHN KENNEDY</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>JENNIFER KENNEDY, NATIONAL SPECIALTY INSURANCE COMPANY</u>
Defendant

### II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.      TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 03/11/2022 03:19:22 PM

**CIRCUIT CIVIL**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability—commercial
  - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions

- ☐ Professional malpractice
  - ☐ Malpractice—business
  - ☐ Malpractice—medical
  - ☐ Malpractice—other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge—statute or ordinance
  - ☐ Constitutional challenge—proposed amendment
  - ☐ Corporate trusts
  - ☐ Discrimination—employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jared Davis           Fla. Bar # 1024895
      Attorney or party               (Bar # if attorney)

Jared Davis             03/11/2022
  (type or print name)             Date

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,                                    CASE NO.:

       Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

       Defendant.

_____/

## PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT & DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, through the undersigned counsel, and hereby file this Complaint against Defendant, NATIONAL SPECIALTY INSURANCE COMPANY, and as grounds therefore state as follows:

1.     This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2.     At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Palm Beach County, Florida.

3.     At all times material hereto, the damaged property was located in Palm Beach County, Florida.

4.     Prior to July 5, 2021, Plaintiffs sought and purchased homeowner's insurance from Defendant to cover the property located at 7693 Hoffy Circle, Lake Worth, FL 33467 (hereinafter "Insured Property"). Said policy of insurance, which is believed to be Policy Number VUW-HO-

603050, was issued by Defendant to Plaintiffs to provide property insurance coverage for the Insured Property.

5.      At all times material hereto, Plaintiffs and Defendant had a policy of insurance, Policy No. VUW-HO-603050 (hereinafter "Contract"). Plaintiffs are not in possession of a complete certified copy of the Contract; however, a copy of the declaration pages from the Contract are attached hereto and incorporated herein by reference as "**Exhibit A**". The Contract is well known to and in the possession of Defendant, and Plaintiffs have requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981).

6.      Plaintiffs have paid the premiums for the Contract prior to July 5, 2021.

7.       On or about July 5, 2021, the Insured Property sustained direct physical damage as a result of a storm event.

8.      The Contract described in Paragraph 5 above was in full force and effect as of July 5, 2021.

9.      Defendant received timely notice of the loss.

10.     Defendant assigned the loss reported by Plaintiffs and described in Paragraph 7 above a claim number believed to be VEL21007030.

11.     Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in Paragraph 7 above.

12.     This is an action relating to Defendant's breach of Contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiffs.

13.     Plaintiffs have complied with section 627.70152, Florida Statute.

14.     Jurisdiction and venue of this matter are proper in the Circuit Court for Palm Beach County, Florida.

## COUNT I – BREACH OF CONTRACT

15.     Plaintiffs reallege and reincorporate paragraphs 1-14 as if fully stated herein, and further allege as follows:

16.     During the above Contract period the Insured Property sustained direct physical damages.

17.     Plaintiffs provided timely notice of the loss, described in Paragraph 7, above to the Defendant.

18.     Plaintiffs have complied with all obligations and conditions precedent to this lawsuit which would entitle Plaintiffs to recover benefits under the Contract, or such conditions have been waived.

19.     Defendant has failed to provide complete coverage for the physical damages that occurred during the Contract period.

20.     This failure is contrary to the terms of the Contract and constitutes a breach of the Contract.

21.     Plaintiffs have been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of Defendant refusing to pay the full amount owed under the Contract.

22.     As a direct and proximate result of Defendant's breach of Contract, Plaintiffs have been required to retain the services of the undersigned attorneys to represent and protect the interests of Plaintiffs, and Plaintiffs have become obligated to pay them a reasonable fee for their services in bringing this action.

23.     In the event that Plaintiff prevail in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section 627.70152, 627.428, 626.9373 and 57.041, Florida Statutes and/or other Florida Law.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages, including but not limited to damages owed under the Contract, attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

*[Certificate of Service on Following Page]*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiffs
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:    (866) 641-4690
**<u>Court Phone Number: (1-888) 824-7834</u>**
Email: <u>jdavis@kpattorney.com</u>
          <u>edejesus@</u> <u>kpattorney.com</u>
          <u>FirstPartyEService@kpattorney.com</u>

By: <u>*/s/ Jared Davis*</u>
          JARED DAVIS, ESQ.
          Florida Bar No.: 1024895

# "EXHIBIT A"



**velocity**
risk underwriters

PO BOX 3036, Bigfork, MT 59911
Customer Service: (844) 878-7529
Report a Claim:: (844) 878-2567

**National Specialty Insurance Company**
Administered by:
Velocity Risk Underwriters, LLC

**INSURED COPY**

**HOMEOWNERS**
**RENEWAL BUSINESS**

# POLICY DECLARATION

**Named Insured and Mailing Address:**

John Kennedy and Jennifer Kennedy
7693 Hoffy Cir
Lake Worth, FL 33467-7838

| | |
|---|---|
| Declaration Effective: | 11/30/2020 |
| Date Issued: | 11/20/2020 |
| Policy Number: | VUW-HO-603050 |
| Policy Period: | 11/30/2020 - 11/30/2021 12:01 AM Standard Time at the Residence Premises |
| Agency: | 7086 |
| Agency Phone Number: | (561) 727-3220 |
| Agency Address: | 1630 South Congress Ave Suite 101 Palm Springs, FL 33461 |

**Location of Residence Premises:**
John Kennedy
7693 Hoffy Cir, Lake Worth, FL 33467-7838

## Policy Coverages

| Section I - Property | Limit | Premium |
|---|---|---|
| Coverage A - Dwelling | $360,000 | $4,175.23 |
| Coverage B - Other Structures | $0 | $0.00 |
| Coverage C - Personal Property | $36,000 | $0.00 |
| Coverage D - Loss of Use | $72,000 | $0.00 |
| **Section II - Liability** | **Limit** | **Premium** |
| Coverage E - Personal Liability | $300,000 | $62.77 |
| Coverage F - Medical Payments to Others | $5,000 | $10.00 |

## Premium Summary

| Description | Premium |
|---|---|
| Basic Coverages Premium | $4,248.00 |
| Attached Endorsements Premium | $25.00 |
| Scheduled Property Premium | $0.00 |
| Policy Fees and Surcharges | $27.00 |
| Total Non-Hurricane Premium | $2,626.00 |
| Total Hurricane Premium | $1,647.00 |
| **Total Policy Premium** | **$4,300.00** |

## Deductibles (Applies to Section I Coverages Only)

All Other Perils:  $2,500

**Hurricane Deductible:**
**$7,200 (2% of Coverage A)**

The credit applied to your All Other Perils deductible from the Direct Repair Endorsement is = $250

# POLICY DECLARATION
## INSURED COPY

**HOMEOWNERS**
**RENEWAL BUSINESS**

| | |
|---|---|
| Declaration Effective: | 11/30/2020 |
| Date Issued: | 11/20/2020 |
| Policy Number: | VUW-HO-603050 |
| Policy Period: | 11/30/2020 - 11/30/2021 |
| | 12:01 AM Standard Time at the Residence Premises |

---

## Optional Coverages and Endorsements

| Description | Limit | Deductible | Premium |
|---|---|---|---|
| Emergency Water Removal Services | | | $0.00 |
| Ordinance or Law Selection | | | $0.00 |
| Direct Repair Endorsement | | | $0.00 |
| Exclusion of Coverage B - Other Structures | | | $0.00 |
| Catastrophic Ground Cover Collapse | | | $0.00 |
| Limited Fungi, Mold, Wet or Dry Rot, or Bacteria Coverage | $10,000 / $50,000 | | $0.00 |
| Ordinance or Law Amount of Coverage | 10% | | $0.00 |
| Water Back Up and Sump Overflow | $5,000 | $1,000 | $25.00 |

---

## Rating Information

| Description | | Description | |
|---|---|---|---|
| Usage: | Primary | Miles To Fire Department: | Within 1000 feet |
| Construction: | Masonry | Responding Fire Department: | PALM BEACH CO FS 46 |
| Protection Class: | 3 | Wind Speed: | 120+ |
| Year Built: | 1994 | Replacement Cost: | $304,751 |
| Occupancy: | Owner | County: | Palm Beach |
| Territory: | 380 | Opening Protection: | A - Hurricane |
| Roof Age: | 25 | Terrain: | B |
| Roof Type: | Tile - Concrete | Wind-Borne Debris Region: | Yes |
| Roof Geometry: | Hip | Roof Wall: | C - Single Wraps |
| Roof Cover: | C/D - Non FBC Equivalent Roof | Secondary Water Resistant: | B - No SWR |
| Roof Deck: | C - 8d/6"/6" | | |

---

## Policy Credits and Charges

| Description | Premium |
|---|---|
| Windstorm Mitigation | -$4,081.95 |
| Claim History | -$102.34 |

# POLICY DECLARATION
## INSURED COPY

**HOMEOWNERS**
**RENEWAL BUSINESS**

| | |
|---|---|
| Declaration Effective: | 11/30/2020 |
| Date Issued: | 11/20/2020 |
| Policy Number: | VUW-HO-603050 |
| Policy Period: | 11/30/2020 - 11/30/2021 |
| | 12:01 AM Standard Time at the Residence Premises |

## Mortgagee(s)/Additional Interest(s)/Additional Insured(s)

**1st Mortgagee**

Provident Funding Associates, L.P Its Successors And/Or Assigns
Po Box 5914
Santa Rosa, CA 95402-5914
Loan #: 3828100349

**2nd Mortgagee**

Springeq Llc Isaoa/Atima
2929 Arch St Ste 500
Philadelphia, PA 19104-2858
Loan #: 1000025643

## Forms and Endorsements Applicable to This Policy

| Form Number | Description |
|---|---|
| MailingInsert 09 20 | Mailing Insert |
| VRU HO PJ 012 02 | Policy Jacket |
| VRU HO EWR 012 01 | Emergency Water Removal Services |
| OIR B1 1670 01 06 | Checklist of Coverage |
| OIR B1 1655 02 10 | Notice of Premium Discounts for Hurricane Loss Mitigation |
| VRU HO OLS 012 01 | Ordinance or Law Selection |
| VRU HO DON 012 01 | Deductible Options Notice |
| CISIL NSIC PR 05 15 | Policyholder Privacy Notice |
| HO 00 03 04 91 | Homeowners 3 - Special Form |
| VRU HO DRF 012 01 | Direct Repair Endorsement |
| VRU HO SP 012 03 | Special Provisions |
| VRU HO XCB 012 01 | Exclusion of Coverage B - Other Structures |
| VRU HO CGC 012 02 | Catastrophic Ground Cover Collapse |
| VRU HO HDE 012 01 | Hurricane Deductible Endorsement |
| VRU HO LFM 012 01 | Limited Fungi, Mold, Wet or Dry Rot, or Bacteria Coverage |
| VRU HO NDC 012 01 | No Section II Day Care Coverage |
| VRU HO OL 012 01 | Ordinance or Law Amount of Coverage |
| VRU HO WBU 012 01 | Water Back Up and Sump Overflow |
| SNC-IL-0719-TOES-E-FL 00 01 | Trade or Economic Sanctions |
| SNC-IL-0719-OFAC-N 00 01 | OFAC Notice |

# THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.:

　　　　　Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

　　　　　Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COME NOW, Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, through the undersigned counsel, and hereby file their First Requests for Production to Defendant, NATIONAL SPECIALTY INSURANCE COMPANY:

　　　　　1.　　　A certified copy of the subject insurance policy, including any and all endorsements, addendums, attachments and enclosures.

　　　　　2.　　　Any and all applications for any and all insurance with the Defendant, including the subject insurance policy, including any photographs taken in the underwriting policy.

　　　　　3.　　　The complete underwriting file for the subject insurance policy.

　　　　　4.　　　Any and all checks, drafts, documents, items, notices, pamphlets, questionnaires, surveys, and/or instruments evidencing payment to the Plaintiffs and/or the Plaintiffs' representatives for the subject claim. (note this includes, but it not limited to, any correspondences, letters, reports, and/or estimates enclosed or attached with payment).

　　　　　5.　　　Any and all recorded statements, whether by a named insured, additional insured, or behalf of the insured for the subject claim.

Page **1** of **7**

6.      Any and all recorded statements Defendant relied upon in making a coverage determination for the subject claim.

7.      Any and all recorded statements of the Plaintiffs taken over the past 3 years.

8.      Any reports discussing any damages and/or the lack of damages to the subject property.

9.      Any and all notes and/or reports reflecting any statements of the Plaintiffs and/or the Plaintiffs' representatives in reference to the subject claim.

10.      Any and all notes and/or reports reflecting any statements of the Plaintiffs and/or the Plaintiffs' representatives that Defendant relied upon and/or considered in making a coverage decision for the subject claim.

11.      Any and all examinations under oaths taken for the subject claim.

12.      Any and all statements contemplated by Fla. Stat.§ 92.33, whether by Plaintiffs, additional insured, or on behalf of the Plaintiffs.

13.      Any and all photographs of the subject property taken prior to the subject loss date.

14.      Any and all photographs of the subject property taken after the subject loss date.

15.      Any and all photographs taken in reference to the subject claim.

16.      Any and all photographs that Defendant and/or its representatives relied upon and/or considered in making a coverage determination for the subject claim.

17.      Any and all photographs taken on behalf of the Defendant and/or its representatives for any subsequent insurance claims.

18.      Any and all reports taken on behalf of the Defendant and/or its representatives for any subsequent insurance claims.

19.    Any and all video taken for the subject claim by Defendant and/or its representatives.

20.    Any and all correspondences, emails, text messages and/or communications sent by the Defendant in reference to the subject claim.

21.    Any and all correspondences, emails, text messages and/or communications sent by the Defendant in reference to the subject insurance policy.

22.    Any and all correspondences, emails, text messages and/or communications received by the Defendant in reference to the subject claim.

23.    Any and all correspondences, emails, text messages and/or communications received by the Defendant in reference to the subject insurance policy.

24.    Any estimates prepared by Defendant and/or on Defendant's behalf for the subject claim.

25.    Any estimates prepared by Defendant and/or on Defendant's behalf for any subsequent insurance claims.

26.    Any estimates Defendant received in reference to the subject claim.

27.    Any and all communications between Defendant and any individual who inspected the subject property on Defendant's behalf.

28.    Any and all reports prepared by any individual who inspected the subject property on Defendant's behalf.

29.    Any and all invoices for any individual who inspected the subject property on Defendant's behalf.

30.    Any requests for a sworn proof of loss for the subject claim.

31.    Any requests for an examination under oath for the subject claim.

32.     Any requests for compliance with any post loss obligation under the subject policy in reference to the subject claim.

33.     Any documents communicating a coverage decision to the Plaintiffs for the subject claim.

34.     Any receipts and/or invoices for repairs in reference to the subject claim.

35.     Documents relating to the initial inspection and/or appraisal for the original inception of the subject insurance policy, including any reports such as a "four point" inspection.

36.     Any reservation of rights letter(s) sent by the Defendant and/or on Defendant's behalf in reference to the subject claim.

37.     Any documentation evidencing the credentials and/or licensing information for any individual who inspected the subject property in reference to the subject claim.

38.     Any documentation evidencing the credentials and/or licensing information for any individual on behalf of the Defendant who communicated with the Plaintiffs and/or to an individual on the Plaintiffs' behalf for the subject claim.

39.     Any estimate that Defendant and/or a representative of Defendant has prepared for the subject property for the past 5 years.

40.     Any estimate that Defendant and/or a representative of Defendant has prepared for the subject property for the past 3 years.

41.     Any and all communications and/or contracts Defendant received on behalf of the Plaintiffs for the subject claim.

42.     Any estimates, contracts and/or proposals Defendant received from Plaintiffs and/or on Plaintiffs' behalf for the subject claim.

43.     Any requests for appraisal submitted by anyone for the subject claim.

44.     If Defendant claims the claimed damages were pre-existing, any documents that support this assertion.

45.     If Defendant claims the claimed damages were long term, any documents that support this assertion.

46.     If Defendant claims the claimed damages were due to wear and tear, any documents that support this assertion.

47.     Any documents reflecting Defendant invoking its option to repair under the policy.

48.     Any documents that support the affirmative defenses asserted by Defendant.

49.     Any and all documents relating to any alleged material misrepresentation(s) regarding the subject claim.

50.     Any and all documents relating to any alleged failure to cooperate of the Plaintiffs regarding the subject claim.

51.     Any and all documents the Defendant relied upon and/or considered in making a coverage decision for the subject claim.

52.     Any reports from any person retained by the Defendant to evaluate the waste line at the subject property for the subject claim.

53.     Any documents in reference to any prior insurance claim(s) that Defendant is relying upon in adjusting the subject insurance claim.

54.     Any documents in reference to any prior insurance claim(s) made by the Plaintiffs for the last 10 years.

55.     Any documents in reference to any prior insurance claim(s) made by the Plaintiffs for the last 5 years.

56.     Any evidence of the subject insurance policy being provided to Plaintiffs from the time of the reporting of the subject insurance claim until the time of the filing of this action.

57.     Any evidence of the subject property showing that permits are not necessary in order to complete the repairs.

58.     Any documentation showing Defendant accepted and retained the deductible payment made by Plaintiffs.

*[Certificate of Service on Following Page]*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiffs
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:     (866) 641-4690
**<u>Court Phone Number: (1-888) 824-7834</u>**
Email: jdavis@kpattorney.com
        edejesus@ kpattorney.com
        FirstPartyEService@kpattorney.com

By:  */s/ Jared Davis*
        JARED DAVIS, ESQ.
        Florida Bar No.: 1024895

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,                                        CASE NO.:

       Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

       Defendant.

_____/

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COME NOW, Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, through the undersigned counsel, and hereby file their First Request for Admissions to Defendant, NATIONAL SPECIALTY INSURANCE COMPANY:

1.     Please admit Defendant found that under insurance policy number VUW-HO-603050, Plaintiffs' claim, assigned claim number VEL21007030, was determined to be caused by a covered cause of loss.

2.     Please admit Defendant found that insurance policy number VUW-HO-603050 did not provide coverage for any portion Plaintiffs' claim, assigned claim number VEL21007030.

3.     Please admit Defendant has not issued payment for claim number VEL21007030 to the Plaintiffs prior to the initiation of this lawsuit.

4.     Please admit that any payment issued by Defendant to Plaintiffs under claim number VEL21007030 prior to the initiation of this action did not include any amount for overhead and profit.

5.      Please admit Defendant's pre-suit estimate under insurance policy VUW-HO-603050 for claim number VEL21007030 was insufficient to provide the actual cash value of the repairs needed to return the insured property to its pre-loss condition.

6.      Please admit the adjuster whose services Defendant employed to inspect the insured property relating to claim number VEL21007030 did not have a Florida adjuster's license at the time of the inspection.

7.      Please admit Defendant does not know the credentials of any adjuster who inspected the insured property for claim number VEL21007030.

8.      Please admit Defendant did not have a licensed contractor inspect Plaintiffs' property for claim number VEL21007030 prior to the initiation of this lawsuit.

9.      Please admit Defendant did not have a Florida-licensed General Contractor inspect Plaintiffs' property for claim number VEL21007030 prior to the initiation of this lawsuit.

10.     Please admit Defendant did not have a Florida-licensed expert examine Plaintiffs' property for claim number VEL21007030 prior to the initiation of this lawsuit.

11.     Please admit the individual who prepared the repair estimate/report Defendant relied upon for its coverage and/or payment determinations in claim number VEL21007030 lacks the licenses required by Florida Statutes to perform the construction and repair services said individual included in his/her estimate.

12.     Please admit that the repair estimate/report Defendant relied upon for its coverage and/or payment determinations in claim number VEL21007030 includes the unmodified prices provided by the Xactimate software price lists.

13.     Please admit Defendant did not request an examination under oath of Plaintiffs for claim number VEL21007030 prior to the initiation of this action.

14.     Please admit Defendant did not request a sworn proof of loss for claim number VEL21007030 prior to the initiation of this action.

15.     Please admit Defendant did not offer to make any repairs at the subject property under claim number VEL21007030 prior to the initiation of this action.

16.     Please admit Defendant did not request a recorded statement of Plaintiffs for claim number VEL21007030.

17.     Please admit that it will be necessary to acquire building permits in order to complete the repairs outlined by the Defendant's adjuster's repair estimate for the subject property under claim number VEL21007030.

18.     Please admit Defendant invoked its option to repair under the contract.

19.     Please admit Defendant voluntarily accepted and retained the full deductible payment made by Plaintiffs, and thereafter refused to restore the subject property back to its pre-loss condition.

*[Certificate of Service on Following Page]*

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiffs
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:     (866) 641-4690
**Court Phone Number: (1-888) 824-7834**
Email: jdavis@kpattorney.com
            edejesus@ kpattorney.com
            FirstPartyEService@kpattorney.com

By: _/s/ Jared Davis_
            JARED DAVIS, ESQ.
            Florida Bar No.: 1024895

Filing # 145567009 E-Filed 03/11/2022 03:19:22 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,                                    CASE NO.:

      Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFFS' NOTICE OF SERVICE OF FIRST INTERROGATORIES TO DEFENDANT

COME NOW, Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, through the undersigned counsel, and hereby file their First Set of Interrogatories to Defendant, NATIONAL SPECIALTY INSURANCE COMPANY, to be answered in writing and under oath within forty-five (45) days after service hereof as provided by Florida Rule of Civil Procedure 1.340.

*[Certificate of Service on Following Page]*

Page **1** of **9**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

> **KANNER & PINTALUGA, P.A.**
> Attorneys for Plaintiffs
> 925 S. Federal Highway, Sixth Floor
> Boca Raton, FL 33432
> Phone: (561) 892-9657
> Fax:     (866) 641-4690
> **<u>Court Phone Number: (1-888) 824-7834</u>**
> Email: jdavis@kpattorney.com
>               edejesus@ kpattorney.com
>               FirstPartyEService@kpattorney.com
>
> By: _/s/ Jared Davis_____
>               JARED DAVIS, ESQ.
>               Florida Bar No.: 1024895

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

1. What is your name, address, and, if you are answering for someone else, your official position or relationship with the party to whom the interrogatories are directed?

   Answer:

2. Describe any and all policies of insurance which you contend cover or may cover the allegations set forth in Plaintiffs' complaint, detailing as to such policies the name of the insurer, the number of the policy, the available limits of liability, and the name and address of the custodian of the policy.

   Answer:

3. Please state if you contend the loss as alleged in the complaint is not covered under the subject insurance policy as referenced in the complaint. If so, please state the specific language in the insurance policy that you are relying upon as well as the facts to support this policy language.

   Answer:

4. Please state with specificity any conditions precedent or subsequent to the Plaintiffs' claims that you contend have not been fulfilled by the Plaintiffs, if any exist.

   Answer:

5. Please state if any payments have been made for the claim as referenced in the complaint to and/or on the behalf of the Plaintiffs. If any payments have been made, please state the date of the payments, who the payments were made to and the basis for the payments.

   Answer:

6. State separately the facts upon which you rely on for each affirmative defense in your Answer to the Plaintiffs' Complaint.

   Answer:

7. List the names, addresses and telephone numbers of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

   Answer:

8. Please state the amount of covered damages Defendant estimated for the subject insurance claim prior to the initiation of this action. If no number was estimated, please state the basis for such.

   Answer:

9.  Please provide a list of the names and current addresses of any and all individuals employed by or agents of the Defendant who were in any way involved with the handling of Plaintiffs' claim, including those individuals who inspected, photographed or otherwise visited the subject property for any purpose after the subject date of loss but prior to the institution of this litigation. Please also provide a short statement of the persons knowledge and involvement.

Answer:

10. Please state any and all dates Defendant provided the subject insurance policy to Plaintiffs and/or Plaintiffs' representative. State how the policy was provided and who the policy was provided.

Answer:

11. For any and all policy defenses which you reasonably believe are available with regards to the claim made by the Plaintiffs herein: Describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for any such defense.

Answer:

12. For each denied or withheld payment for the subject claim listed above, please state in detail the legal ground and the factual basis upon which the claim was denied, the exact wording of any applicable policy provisions, and the exact wording of any statutory language or case law upon which you base your denial or withholding of payment.

Answer:

13. Please state the name of any individual who inspected Plaintiffs' property for the subject claim number, the date(s) of the inspection(s), the qualification(s) of the individual(s), the opinions reported back to the Defendant, the amount of times the Defendant has hired these individual(s) in the past 3 years and the amount of money the Defendant has paid these individuals and/or these individuals companies in the last 3 years.

Answer:

14. Please state if any permits are necessary in order to complete the repairs the Defendant estimated for the subject claim number. If Defendant claims permits are not necessary, please state the basis for this opinion.

Answer:

15. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about or possession, custody, or control of any estimate of damage, model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Answer:

16. Please state if any person who inspected the subject property for the insurance claim as referenced in the complaint prepared any sort of report. If so, please state the date the report was prepared, who prepared the report, the conclusions of the report, if you are claiming the report is not discoverable, the basis for claiming the report is not discoverable and if you relied upon the report in making a coverage determination for the subject insurance claim.

Answer:

17. Please state how the amount of recoverable depreciation was calculated for the subject claim. If any formulas, calculations and/or documents were relied upon, please specifically state what these were and who is in possession of them so that they can be requested in discovery.

    Answer:

18. Please state the date that you received notice of this claim, who reported the claim and what specifically was reported.

    Answer:

19. If you claim you were unable to pay Plaintiffs' claim because you had insufficient information or the notice of claim did not have sufficient support, state: When you first realized that you had insufficient information, each and every effort made by you to obtain the needed information, when you informed the Plaintiffs of the need for further information and when you gave up trying to obtain the needed information.

    Answer:

20. Please state if the subject insurance policy was provided to the Plaintiffs and/or the Plaintiffs' representatives anytime during the time period of the subject claim being reported until the filing of this action. If the subject insurance policy was not provided during this time period, please state the basis for not providing the subject insurance policy.

    Answer:

21. Please state if Plaintiffs and/or Plaintiffs' representatives requested the subject insurance policy prior to the initiation of this action. If so, please state the date Defendant received this request and the date Defendant complied with the request for the subject insurance policy

    Answer:

22. Please state if overhead and profit was paid for the subject claim and the amount. If it was paid, please state how it was calculated and the basis for payment. If it was not paid, please state the basis for not paying it and cite to the provision in the insurance policy that overhead and profit would not be owed for the subject claim.

    Answer:

### **Jurat Page**

Dated _____, 2022.        _____
                                                                  Signature of Agent for Defendant

**STATE OF** _____

**COUNTY OF** _____


      **SWORN AND SUBSCRIBRED** before me in the aforesaid County and State, the undersigned authority, **by means of** ☐ **physical presence or** ☐ **online notarization**, this _____ day of _____, 2022, the Agent for Defendant _____, who deposed and stated that the information contained in the foregoing Answers to Interrogatories is true and correct, to the best of his/her knowledge and belief.


                        _____
                        Notary Public
                        Commission No. _____


                        _____
                        (Name of Notary typed, printed or stamped)
                        My commission expires: _____

Filing # 145567009 E-Filed 03/11/2022 03:19:22 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,                          CASE NO.:

      Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFFS' NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF DEFENDANT'S DESIGNATED CORPORATE REPRESENTATIVE PURSUANT TO RULE 1.310(b)(6)

PLEASE TAKE NOTICE that Plaintiffs, JOHN KENNEDY AND JENNIFER

KENNEDY, through the undersigned counsel will take the deposition, by oral examination of the

following person pursuant to Fla.R.Civ.P. 1.310(b)(6) as indicated below or at such other location,

time, and date as is mutually agreed upon by counsel or ordered by the Court, before an associate

or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| NAME | DATE/TIME | PLACE |
|---|---|---|
| Corporate representative designated by the Defendant to testify as to the topics listed in Schedule A of this notice. The persons so designated must testify about matters known or reasonably available to the Defendant. *Fla. R. Civ. P.* 1.310(b)(6). | To be provided by Defendant within 30 days of receipt of the summons. If no date is provided a date and time (EST) will be selected by the Plaintiff. | **KANNER & PINTALUGA, P.A.** 925 S. Federal Highway, Sixth Floor Boca Raton, FL 33432 |

The deponent is directed to produce for inspection and/or copying the documents listed in

schedule B of this notice 10 days prior to the scheduled deposition. This is in an effort to expedite

the deposition in order to allow Plaintiff to review the documents prior to the deposition. If the

documents are not provided prior to the deposition the Defendant is put on notice that Plaintiffs

will reserve the necessary time prior to the deposition in order to review the documents. Plaintiff will reimburse deponent for all reasonable costs associated with producing the requested documents as allowed by the Florida Rules of Civil Procedure. If any documents are being claimed as privileged, Defendant must file a privilege log prior to the deposition with enough time for the Court to rule upon said objections prior to the deposition.

The deposition is being taken for the purpose of discovery, use at trial and/or for such other purposes as permitted under the Florida Rules of Civil Procedure.

The deposition will be videotaped and the name and address of the operator will be provided after Defendant provides the date and location of the deposition as referenced above.

**\*\*Any documents that the witness reviews, relies upon, testifies and/or brings to the deposition will have to be produced at the deposition.  By reviewing, relying upon, testifying and/or bringing these documents will constitute a waiver of any privilege asserted.\*\***

*[Certificate of Service on Following Page]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on Defendant.

> **KANNER & PINTALUGA, P.A.**
> Attorneys for Plaintiffs
> 925 S. Federal Highway, Sixth Floor
> Boca Raton, FL 33432
> Phone: (561) 892-9657
> Fax:     (866) 641-4690
> **Court Phone Number: (1-888) 824-7834**
> Email: jdavis@kpattorney.com
>             edejesus@ kpattorney.com
>             FirstPartyEService@kpattorney.com
>
> By: _/s/ Jared Davis_____
>             JARED DAVIS, ESQ.
>             Florida Bar No.: 1024895

## SCHEDULE "A"

1.     The Corporate Representative who can identify by full name and company title all persons who participated in the handling of Plaintiff's insurance claim that is the subject of this action.

2.     The Corporate Representative who can testify as to the complete investigation of Plaintiff's insurance claim that is the subject of this action.

3.     The Corporate Representative who can testify as to any payments that were made to the Plaintiff and/or on their behalf in reference to the insurance claim that is the subject of this action.

4.     The Corporate Representative who can testify as to the valuation of the insurance claim that is the subject of this action.

5.     The Corporate Representative who can testify as to the affirmative defenses asserted by Defendant in this action.

6.     The Corporate Representative who can testify as to Defendant's responses to written discovery in this action.

7.     The Corporate Representative who can testify as to the insurance policy that is the subject of this action.

8.     The Corporate Representative who can testify as to the date the Defendant anticipated litigation as to the insurance claim that is the subject of this claim.

9.     The credentials of any individual who inspected the Plaintiff's property in reference to the insurance claim that is the subject of this claim.

10.     The credentials of any individual who Defendant retained to make repairs at the Plaintiff's property for the subject claim.

11.     If the Defendant is relying upon a wear tear, faulty repairs/installation and/or pre-existing defenses the corporate representative to testify as to the condition of the insured property at the time the Defendant first began to insure the property.

## SCHEDULE "B"

1.     All documents the deponent reviewed in preparation of this deposition.

2.     All documents the deponent will rely upon in responding to the topics listed in Schedule "A" during the deposition.

3.     The privilege log for any documents Defendant is claiming a privilege as to for the deposition.

4.     The entire claim file for the subject insurance claim that is the subject of this action.

5.     Any documents associated with the calculation of Plaintiff's insurance claim that is the subject of this action.

6.     The credentials of any person who inspected and/or handled the insurance claim that is the subject of this claim.

7.     The credentials of any person who Defendant retained to make repairs at the subject property for the subject claim.

8.     Any reports prepared for the insurance claim that is the subject of this action.

9.     Any invoices for services performed in reference to the insurance claim that is the subject of this action.

10.     Any documents reflecting payments of any amounts in reference to the insurance that is the subject of this action.

11.     Any documents as to the directives and/or parameters for any inspections conducted on behalf of the Defendant for Plaintiff's insurance claim that is the subject of this action.

12.     Any communications (including emails and/or text messages) that are anyway associated with Plaintiff's insurance claim that is the subject of this action.

13.     The insurance policy that is the subject of this action.

14.     The underwriting file for the insurance policy that is the subject of this action.

15.     Any documents that Defendant is relying upon in defense to this action.

16.     If the Defendant is relying upon a wear tear, faulty repairs/installation and/or pre-existing defenses any documents evidencing and/or showing the condition of the insured property at the time the Defendant first began to insure the property.

17.     The most recent resume or curriculum vitae (CV) of the Corporate Representative.

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.:

       Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

       Defendant.

_____/

### PLAINTIFFS' NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF DEFENDANT'S CLAIM ADJUSTER

PLEASE TAKE NOTICE that Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, through the undersigned counsel will take the deposition, by oral examination of the following person pursuant to Fla.R.Civ.P. 1.310(b)(1) as indicated below or at such other location, time, and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| **Name** | **Date/Time** | **Place** |
|---|---|---|
| **DEFENDANT'S CLAIM ADJUSTER** | To be provided by Defendant within 30 days of receipt of the summons. If no date is provided a date and time (EST) will be selected by the Plaintiffs. | The city to be provided by Defendant within 30 days of receipt of the summons and Plaintiffs will select a Court Reporter's office in that city. If no city is provided the location will be selected by the Plaintiffs. |

The deponent is directed to produce for inspection and/or copying the documents listed in schedule A of this notice 10 days prior to the scheduled deposition. This is in an effort to expedite the deposition in order to allow Plaintiffs to review the documents prior to the deposition. If the documents are not provided prior to the deposition the Defendant is put on notice that Plaintiffs

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 03/11/2022 03:19:22 PM

will reserve the necessary time prior to the deposition in order to review the documents. Plaintiffs will reimburse deponent for all reasonable costs associated with producing the requested documents as allowed by the Florida Rules of Civil Procedure. If any documents are being claimed as privileged, Defendant must file a privilege log prior to the deposition with enough time for the Court to rule upon said objections prior to the deposition.

The deposition is being taken for the purpose of discovery, use at trial and/or for such other purposes as permitted under the Florida Rules of Civil Procedure.

The deposition will be videotaped, and the name and address of the operator will be provided after Defendant provides the date and location of the deposition as referenced above.

**\*\*Documents responsive to Schedule A of this notice over which Defendant has claimed a privilege need not be produced to Plaintiffs but must be brought to the deposition should the need arise to refresh the witness' recollection as to questions regarding non-privileged matters. Plaintiffs stipulate that the witness' use of such documents to refresh recollection will not waive any privilege Defendant has claimed over such documents, nor entitle Plaintiffs to review or receive production of such documents at the deposition, and Plaintiffs retain the right to challenge any claims of privilege prior to or after the deposition. \*\***

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiffs
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:    (866) 641-4690
**Court Phone Number: (1-888) 824-7834**
Email: jdavis@kpattorney.com
        edejesus@ kpattorney.com
        FirstPartyEService@kpattorney.com

By: _/s/ Jared Davis_____
        JARED DAVIS, ESQ.
        Florida Bar No.: 1024895

## SCHEDULE "A"

1.      All documents the deponent reviewed in preparation of this deposition.

2.      Any communications such as email, letters, faxes, text messages, etc. between the deponent and the Plaintiffs and/or Plaintiffs' representatives for the subject insurance claim.

3.      Any communications such as email, letters, faxes, text messages, etc. prepared and/or sent by the deponent in reference to the subject claim.

4.      Any reports prepared and/or reviewed by the deponent for the subject claim.

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.:

     Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## <u>SUMMONS</u>

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
Complaint, Interrogatories, Request for Production, Request for Admissions, Notice of
Deposition, and Notice of E-mail Designation in the above-styled cause upon the Defendant:

PLEASE SERVE:    **NATIONAL SPECIALTY INSURANCE COMPANY**

BY SERVING:     Insurance Commissioner of the State of Florida,
for and on behalf of the Defendant,
in accordance with Florida Statutes.

c/o Florida Chief Financial Officer as Reg. Agent
200 E. Gaines St.
Tallahassee, FL 32399-0000

DATED: Mar 15 2022

Joseph Abruzzo
**CLERK NAME**
As Clerk of Court

By: *Shalea Ravenell*

As Deputy Clerk
(COURT SEAL)  Shalea Ravenell

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 03/11/2022 03:19:22 PM

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of the court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, property, and money may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). Also, you may call your insurance company representative if you believe you are covered for this loss.

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el número del caso y los nombres demanda a tiemp, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisites legales. Si lo desea, puede usted consultar a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo teimpo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judicares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cetta citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommes ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite de le relai requis, vous risqué de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme una reponse ecrite, il vous faudra egalement , en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite  au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme cidessous.

REPLY TO:

> JARED DAVIS, ESQ
> FBN: 1024895
> **KANNER & PINTALUGA, P.A.**
> Attorney for Plaintiffs
> 925 S. Federal Highway, Sixth Floor
> Boca Raton, FL 33432
> Phone:        561-424-0032
> Fax:          561-853-2188

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**



## JOSEPH ABRUZZO

**RECEIPT**

4384901

CLERK OF THE CIRCUIT COURT & COMPTROLLER

PALM BEACH COUNTY, FLORIDA

Printed On:
03/15/2022 08:14
Page 1 of 1

| Receipt Number: 4384901 - Date 03/15/2022  Time 8:13AM | | | |
|---|---|---|---|
| **Received of:** | Jared Davis<br>925 South Federal Highway, 6th Floor<br>Boca Raton, FL 33432 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 10733911 | **Remaining Balance:** | 0.00 |
| **Division:** | AH: Circuit Civil Central - AH(Civil) | | |

| Case# 50-2022-CA-002300-XXXX-MB -- PLAINTIFF/PETITIONER: KENNEDY, JOHN | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 3125777 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

**FORM 1.997.**      **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

Plaintiff JOHN KENNEDY

JENNIFER KENNEDY

Case # _____

Judge _____

vs.

Defendant NATIONAL SPECIALTY

INSURANCE COMPANY

## I.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- [ ] $8,000 or less
- [ ] $ 8,001 - $30,000
- [ ] $30,001 - $50,000
- [ ] $50,001 - $75,000
- [x] $75,001 - $100,000
- [ ] over $100,000

## II.      TYPE OF CASE      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- [ ] Condominium
- [x] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence—other
  - [ ] Business governance
  - [ ] Business torts

☐ Environmental/Toxic tort
☐ Third party indemnification
☐ Construction defect
☐ Mass tort
☐ Negligent security
☐ Nursing home negligence
☐ Premises liability—commercial
☐ Premises liability—residential

☐ Products liability
☐ Real property/Mortgage foreclosure

☐ Commercial foreclosure

☐ Homestead residential foreclosure

☐ Non-homestead residential foreclosure

☐ Other real property actions

☐ Professional malpractice
☐ Malpractice—business
☐ Malpractice—medical
☐ Malpractice—other professional
☐ Other
☐ Antitrust/Trade regulation
☐ Business transactions
☐ Constitutional challenge—statute or ordinance
☐ Constitutional challenge—proposed amendment
☐ Corporate trusts
☐ Discrimination—employment or other
☐ Insurance claims
☐ Intellectual property
☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

**COUNTY CIVIL**
☐ Civil
☐ Real Property/Mortgage foreclosure
☐ Evictions
☐ Residential Evictions
☐ Non-residential Evictions

☐ Other civil (non-monetary)

**III.    REMEDIES SOUGHT** (check all that apply):

- [✔] Monetary;
- [✔] Nonmonetary declaratory or injunctive relief;
- [ ] Punitive

**IV.    NUMBER OF CAUSES OF ACTION:** [2 ]
(Specify) _____

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**

- ( ) yes
- (•) no

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- (•) no
- ( ) yes If "yes," list all related cases by name, case number, and court._____

_____

_____

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**

- (•) yes
- ( ) no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my  knowledge and belief, and that I have read and will comply with the requirements of Florida  Rule of Judicial Administration 2.425.

Signature_Jared Davis, Esq._____   Fla. Bar # _1024895_____

Digitally signed by Jared Davis, Esq.
Date: 2022.03.25 10:19:07 -04'00'

      Attorney or party                      (Bar # if attorney)

Jared Davis, Esq.                          03/25/22
(type or print name)                       Date

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.: 50-2022-CA-002300-XXXX-MB

     Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFFS' NOTICE OF FILING

COME NOW, the Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, by and through their undersigned counsel, and hereby give notice of filing the acceptance of Service of Process, attached here to.

    Dated: March 21, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiffs
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:   (866) 641-4690
**Court Phone Number: (1-888) 824-7834**
Email: jdavis@kpattorney.com
       edejesus@kpattorney.com
       FirstPartyEService@kpattorney.com

By: _/s/ Jared Davis_____
     JARED DAVIS, ESQ.
     Florida Bar No.: 1024895

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| JOHN KENNEDY AND JENNIFER KENNEDY | **CASE #:** 50-2022-CA-002300-XXXX-MB |
| | **COURT:** 15TH JUDICIAL CIRCUIT |
| PLAINTIFF(S) | **COUNTY:** PALM BEACH |
| | **DFS-SOP #:** 22-000093341 |
| VS. | |
| NATIONAL SPECIALTY INSURANCE COMPANY | |
| DEFENDANT(S) | |
| _____/ | |
| SUMMONS, COMPLAINT, DISCOVERY | |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Thursday, March 17, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, March 21, 2022 to the designated agent for the named entity as shown below.

NATIONAL SPECIALTY INSURANCE COMPANY
TERRY LEDBETTER
1900 L. DON DODSON DR
BEDFORD, TX 76021

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JARED DAVIS
ASSOCIATE ATTORNEY
KANNER & PINTALUGA
925 S. FEDERAL HIGHWAY
925 S. FEDERAL HIGHWAY
BOCA RATON, FL 33432

MP1

*** FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK. 03/29/2022 01:57:09 PM ***

Office of the General Counsel - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, FL 32314-6200 - (850)413-4200

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                                                      CASE NO.: 50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## DEFENDANT'S ANSWER TO COMPLAINT,
## AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY

Defendant National Specialty Insurance Company, by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Request for Jury Trial in response to Plaintiffs' Complaint in the above-referenced matter, and states as follows:

1.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

2.      With respect to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits it is authorized and licensed to conduct business in Palm Beach County and the State of Florida.  As to all other allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegations are deemed denied.

3.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

4.      With respect to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits it issued insurance policy number VUW-HO-603050 (the "Policy") which provided coverage for damage to the "Subject Property" located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.  As to all other allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegations are deemed denied.

5.      With respect to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits it issued the "Policy" which provided coverage for damage to the Subject Property located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.  Defendant admits it has a certified copy of the Policy in its possession which will be provided to Plaintiffs in response to Requests for Production which have been issued.  As to all other allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegation are deemed denied.

6.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      With respect to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits it issued the "Policy" which provided coverage for damage to the Subject Property located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on

2

July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.      With respect to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits it assigned claim number VEL21007030 to the claim made by Plaintiffs, attendant to the Policy which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.

11.      Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

13.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

14.      Defendant admits the allegations of Paragraph 14 of Plaintiffs' Complaint unless information arises and Defendant is notified that jurisdiction and venue are no longer appropriate in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida.

## <u>COUNT I – BREACH OF CONTRACT</u>

15.      Defendant hereby incorporates its responses to Paragraphs 1 through 14 above as its responses to Paragraphs 1 through 15 of Plaintiffs' Complaint, as if fully set forth herein.

16.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

22.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied. Plaintiffs' alleged damages were caused, either in whole or in part, by wear, tear, marring, pre-existing damage, deterioration, and other non-covered losses under the Policy. Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

> SECTION I – PERILS INSURED AGAINST
>
> COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES
> ...
> 2. Caused by:
> ...
> e. Any of the following:
> > (1) Wear and tear, marring, deterioration;
> > (2) Inherent vice, latent defect, mechanical breakdown;
> ...
> > (8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.
> ...

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof incurred allegedly as a result of a windstorm which occurred on July 5, 2021. During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof. It was ultimately determined that any alleged damages to the roof were the result of wind-driven rain entering the roofing surface from thermal expansion cracks in the ridge, failed prior repairs, and natural wear and tear common to a twenty-eight (28) year-old roof. The causes of loss are specifically excluded under the Policy. To the extent that Plaintiffs alleges the necessity to repair or replace items that are worn or deteriorated, those damages are not covered under the Policy. As the alleged damages to the Subject Property are the result of these excluded causes, Plaintiffs are barred from recovery for these items.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied. Plaintiffs alleged damages were caused, either in whole or in part, by non-covered losses under the Policy. Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

*SECTION I – PERILS INSURED AGAINST*

*COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES*
*...*
*2. Caused by:*
*...*
*e. Any of the following:*

> *(1) Wear and tear, marring, deterioration;*
> *(2) Inherent vice, latent defect, mechanical breakdown;*
> *...*
> *(8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.*

*...*
*3. Excluded under Section I – Exclusions. Under items 1. and 2., any ensuing loss to property described in Coverages A and B not excluded or except in this policy is covered.*
*...*
*Section I – Exclusions*

*1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*
*...*

> *11. Existing Damage*

> > *a. Damage which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or claims for damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception. However, any ensuing loss arising out of workmanship, repairs or lack of repairs,*

6

> *caused by a Peril Insured Against, to property described under Section I – Property Coverages, is covered unless the loss is otherwise excluded in this policy. This Exclusion does not apply in the event of a total loss caused by a Peril Insured Against.*
>
> *...*
>
> *2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.*
>
> *...*
>
> > *c. Faulty, inadequate or defective:*
> >
> > *(1) Planning, zoning, development, surveying, siting;*
> > *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> > *(3) Materials used in repair, construction, renovation or remodeling; or*
> > *(4) Maintenance;*
> > *of part or all of any property whether on or off the "residence premises."*
>
> *...*

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof, incurred allegedly as a result of a windstorm which occurred allegedly on July 5, 2021. During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof. Further, it was uncovered that there was no wind or hailstorm created opening through which the water was entering the Subject Property. Defendant determined that as a result there were no damages to the Subject Property as a result of a covered peril. As there was no storm-related opening in the exterior of the building, the alleged damages to the interior of the building occurred as a result of rain or other moisture, which are damages that are not covered under the Policy. As any alleged damages to the Subject Property are the result of non-covered losses, Plaintiffs are barred from recovery for such losses.

<u>THIRD AFFIRMATIVE DEFENSE</u>

7

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied.  Plaintiffs' alleged damages were caused, either in whole or in part, by excluded losses under the Policy.  Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

> *SECTION I – PERILS INSURED AGAINST*
>
> *COVERAGE   A   –   DWELLING   AND   COVERAGE   B   –   OTHER STRUCTURES*
> *...*
> *2. Caused by:*
> *...*
> *e. Any of the following:*
>
> > *(1) Wear and tear, marring, deterioration;*
> > *(2) Inherent vice, latent defect, mechanical breakdown;*
> *...*
> > *(8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.*
> *...*
> *3. Excluded under Section I – Exclusions. Under items 1. and 2., any ensuing loss to property described in Coverages A and B not excluded or except in this policy is covered.*
> *...*
> *Section I – Exclusions*
>
> *1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*
> *...*
> > *11. Existing Damage*
> >
> > > *a. Damage which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or claims for damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception. However, any ensuing loss arising out of workmanship, repairs or lack of repairs, caused by a Peril Insured Against, to property described under Section I – Property Coverages, is covered unless the*

8

> *loss is otherwise excluded in this policy. This Exclusion does not apply in the event of a total loss caused by a Peril Insured Against.*
>
> ...
>
> *2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.*
>
> ...
>
> > *c. Faulty, inadequate or defective:*
> >
> > *(1) Planning, zoning, development, surveying, siting;*
> > *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> > *(3) Materials used in repair, construction, renovation or remodeling; or*
> > *(4) Maintenance;*
> > *of part or all of any property whether on or off the "residence premises."*
>
> ...

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof, incurred allegedly as a result of wind damage which occurred allegedly as a result of a storm on July 5, 2021.  During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof.  It was ultimately determined that any alleged damages to the roof were the result of wind-driven rain entering the roofing surface from thermal expansion cracks in the ridge, failed prior repairs, and natural wear and tear common to a twenty-eight (28) year-old roof.  These causes of loss are specifically excluded under the Policy.  To the extent that Plaintiffs allege the necessity to repair or replace items that are worn or deteriorated, those damages are not covered under the Policy.  As the alleged damages to the Subject Property are the result of these excluded causes, Plaintiffs are barred from recovery for these items.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied, and further asserts Defendant is entitled to a setoff of any recovery against it up to the amount of the applicable deductible under the Policy.

## REQUEST FOR TRIAL BY JURY

Defendant hereby requests trial by jury on all issues so triable of right by jury.

Date: April 11, 2022

Respectfully submitted,

By:  */s/ Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 104732)
Brian P. Henry (Fla. Bar No. 89069)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida  32803
Telephone:    (407) 284-4990
Email:           tgreer@rolfeshenry.com
                     bhenry@rolfeshenry.com
                     jamador@rolfeshenry.com
                     orlandoclerk@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of April 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:    (561) 892-9657
Fax:              (866) 641-4690
Email:           jdavis@kpattorney.com
                     edejesus@kpattorney.com
                     FirstPartyEService@kpattorney.com

*Attorneys for Plaintiffs*

/s/ *Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 1004732)

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

     Plaintiffs,

v.                       CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

**NOTICE OF APPEARANCE OF TAMARA A. GREER AND EMAIL DESIGNATION**

     Tamara A. Greer hereby serves notice upon this Honorable Court and all parties hereto of

his appearance on behalf of Defendant in the above-referenced matter. She designates her primary

and secondary email as follows:

Primary electronic address:          Tamara Greer, Esq.
                                  tgreer@rolfeshenry.com

Secondary electronic address:       Jillian Amador
                                  jamador@rolfeshenry.com


Date: April 11, 2022            Respectfully submitted,

                  By:     */s/ Tamara A. Greer*
                         Tamara A. Greer (Fla. Bar No. 104732)
                         Brian P. Henry (Fla. Bar No. 89069)
                         ROLFES HENRY CO., LPA
                         3191 Maguire Boulevard, Suite 160
                         Orlando, Florida  32803
                         Telephone:    (407) 284-4990
                         Facsimile:     (407) 284-4999
                         Email: tgreer@rolfeshenry.com
                                jamador@rolfeshenry.com
                                bhenry@rolfeshenry.com
                                kdeglman@rolfeshenry.com
                                orlandoclerk@rolfeshenry.com

                         *Attorneys for Defendant*
                         *National Specialty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via

e-mail on counsel for all parties at the email addresses below or has been served by automatic

service by the Court's e-filing system, on this 11th day of April, 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:     (561) 892-9657
Fax:               (866) 641-4690
Email:            jdavis@kpattorney.com
                      edejesus@kpattorney.com
                      FirstPartyEService@kpattorney.com

*Attorneys for Plaintiff*

*/s/ Tamara A. Greer*
Tamara A. Greer (FBN 1004732)

Case 9:22-cv-81026-DMM   Document 1-10   Entered on FLSD Docket 07/14/2022   Page 71 of 118

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

    Plaintiffs,

v.                         CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

## NOTICE OF APPEARANCE OF BRIAN P. HENRY AND EMAIL DESIGNATION

    Brian P. Henry hereby serves notice upon this Honorable Court and all parties hereto of his appearance on behalf of Defendant in the above-referenced matter. He designates his primary and secondary email as follows:

Primary electronic address:          Brian Henry, Esq.
                                     bhenry@rolfeshenry.com

Secondary electronic address:       Kelly Deglman
                                     kdeglman@rolfeshenry.com

Date: April 11, 2022              Respectfully submitted,

                        By:     /s/ *Brian P. Henry*
                            Brian P. Henry (Fla. Bar No. 0089069)
                            Rolfes Henry Co., LPA
                            5577 Broadcast Court
                            Sarasota, Florida  34240
                            Telephone:    (941) 684-0100
                            Fax:           (941) 684-0109
                            Email:         bhenry@rolfeshenry.com
                                           kdeglman@rolfeshenry.com

                            *Attorneys for Defendant*
                            *National Specialty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of April 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:     (561) 892-9657
Fax:                 (866) 641-4690
Email:            jdavis@kpattorney.com
                      edejesus@kpattorney.com
                      FirstPartyEService@kpattorney.com

*Attorneys for Plaintiff*

                                        */s/ Brian P. Henry*
                                        Brian P. Henry (Fla. Bar No. 0089069)

Filing # 148620994 E-Filed 04/28/2022 06:39:54 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.: 50-2022-CA-002300-XXXX-MB

     Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFFS' REPLY AND MOTION TO STRIKE DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES, IN RESPONSE TO PLAINTIFFS' COMPLAINT, AND MEMORANDUM OF LAW

**COMES NOW** the Plaintiffs, JOHN KENNEDY, AND JENNIFER KENNEDY ("Plaintiffs") by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.110(d) and 1.140(b), and hereby files their Reply and Motion to Strike Defendant's Affirmative Defenses for Plaintiffs' Complaint. In support thereof, Plaintiffs would show this Honorable Court as follows:

1.    The Plaintiffs filed a One-Count Complaint for breach of contract against the Defendant.

**2.**    On April 11, 2022, Defendant filed its Answer and Affirmative Defenses to Count I of Plaintiffs' Complaint**. *See a copy of the Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint attached hereto as Exhibit "A".***

3.    Plaintiffs deny each of Defendant's Affirmative Defenses as contained within Defendant's Answer and Affirmative Defenses to Plaintiff's and demands strict proof thereof. The Plaintiffs seek to avoid the Defendant's Affirmative Defenses by asserting the facts set forth below

*** FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK. 04/28/2022 06:39:54 PM ***

in the "Argument" Section of this Reply/Motion addressing each of the Defendant's Affirmative Defenses.

4.    Defendant's Affirmative Defenses raised in this action must be stricken as they are bare legal conclusions, policy regurgitation, plead without any factual support and/or unsupported by applicable case law and/or Florida law.

## MEMORANDUM OF LAW

"Certainty is required when pleading defenses . . . and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient." *Bliss v. Carmona*, 418 So. 2d 1017, 1019 (Fla. 3d DCA 1982) (citations omitted). When pleading an Affirmative Defense, "the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence." *Zito v. Washington Federal Savings & Loan Association of Miami Beach*, 318 So. 2d 175, 176 (Fla. 3d DCA 1975); Walker v. Walker, 254 So. 2d 832 (Fla. 1st DCA 1971); *see also Cady v. Chevy Chase Savings & Loan, Inc.*, 528 So. 2d 136 (Fla. 4th DCA 1988). Further, affirmative defenses that "simply den[y] the facts contained in the [] complaint and d[o] not raise any new matters" are insufficient as a matter of law. *Gatt v. Keyes Corp.*, 446 So. 2d 211, 212 (Fla. 3d DCA 1984); see also, *Zito v. Washington Federal Savings & Loan Association*, supra (holding that a denial does not constitute an affirmative defense). Hypothetical defenses must be supported by evidence. *See Lynch v. State*, 2 So. 3d 47 (Fla. 2008); *Joseph Rozzo, Employee/Claimant vs. Pepsi Bottling Group, Employer and Sedgwick CMS Carrier*, 2014 WL 1599881, at *4 (Fla. Off. Judge Comp. Cl. 2014). Finally, merely stating that plaintiffs' claims are excluded under a policy and reciting policy language are insufficient as a matter of law. S*ee Maridian of Palm Beach Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 1364334 at *3 (S.D. Fla. 2007) ("This

affirmative defense merely states that Plaintiffs failed to comply with 'all the terms of this coverage part.' This defense is stricken as wholly conclusory in that it does not provide fair notice as to how the quoted provision applies to the facts of the complaint."). Affirmative defenses do not simply deny the facts of opposing party's claim; they raise some new matter which defeats an otherwise apparently valid claim *Wiggins v. Portmay Corp.*, 430 So. 2d 541, 542 (Fla. 1st DCA 1983). simply den[y] the facts contained in the [] complaint and d[o] not raise any new matters" are insufficient as a matter of law. *Gatt v. Keyes Corp.*, 446 So. 2d 211, 212 (Fla. 3d DCA 1984); see also, *Zito v. Washington Federal Savings & Loan Association*, supra (holding that a denial does not constitute an affirmative defense). "Statements of opinion or conclusions unsupported by specific, ultimate facts", which renders it legally insufficient as a matter of law. *See Rishel*, 466 So. 2d at 1138. Bare legal conclusions unsupported by factual allegations should be stricken pursuant to 1.140, Florida Rules of Civil Procedure. *See, Cady v. Chevy Chase Savings & Loan, Inc.*, 528 So.2d 136 (Fla. 4th DCA 1988). Mere conclusory statements amount to nothing more than argument of counsel, and "argument of counsel is not evidence." *State v. Thompson*, 852 So. 2d 877, 878 (Fla. 3d DCA 2003).

For the reasons stated herein, Plaintiffs respectfully request that this Honorable Court enter an Order granting this Motion and striking Defendants' Affirmative Defenses for Plaintiff's Complaint.

**WHEREFORE** the Plaintiffs respectfully requests this Honorable Court to enter its order striking all of Defendant's affirmative defenses from Defendant's Answer and Affirmative Defenses for Plaintiffs' Complaint, along with whatever further relief this Court deems just.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been served on Defendant via Florida's E-Filing Portal on this 28th day of April 2022.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiff
925 S. Federal Highway
Boca Raton, FL 33432
Phone: (561) 424-0032
Fax:     (561) 853-2188
Email: jdavis@kpattorney.com
edejesus@kpattorney.com
FirstPartyEService@kpattorney.com

By: _/s/ Jared Davis_
      JARED DAVIS, ESQ.
      Florida Bar No.: 1024895

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                            CASE NO.: 50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

### DEFENDANT'S ANSWER TO COMPLAINT,
### AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY

Defendant National Specialty Insurance Company, by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Request for Jury Trial in response to Plaintiffs' Complaint in the above-referenced matter, and states as follows:

1.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

2.      With respect to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits it is authorized and licensed to conduct business in Palm Beach County and the State of Florida. As to all other allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegations are deemed denied.

3.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

4.      With respect to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits it issued insurance policy number VUW-HO-603050 (the "Policy") which provided coverage for damage to the "Subject Property" located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.  As to all other allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegations are deemed denied.

5.      With respect to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits it issued the "Policy" which provided coverage for damage to the Subject Property located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.  Defendant admits it has a certified copy of the Policy in its possession which will be provided to Plaintiffs in response to Requests for Production which have been issued.  As to all other allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant has insufficient knowledge as to the truth or falsity of said allegations and, therefore, said allegation are deemed denied.

6.      Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      With respect to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits it issued the "Policy" which provided coverage for damage to the Subject Property located at 7693 Hoffy Circle, Lake Worth, Florida, which was in full force and effect on

July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     With respect to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits it assigned claim number VEL21007030 to the claim made by Plaintiffs, attendant to the Policy which was in full force and effect on July 5, 2021, subject to all definitions, conditions, exclusions, exceptions, and requirements contained therein.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

13.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

14.     Defendant admits the allegations of Paragraph 14 of Plaintiffs' Complaint unless information arises and Defendant is notified that jurisdiction and venue are no longer appropriate in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida.

## COUNT I – BREACH OF CONTRACT

15.     Defendant hereby incorporates its responses to Paragraphs 1 through 14 above as its responses to Paragraphs 1 through 15 of Plaintiffs' Complaint, as if fully set forth herein.

3

16.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

22.     Defendant has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and, therefore, said allegations are deemed denied.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied.  Plaintiffs' alleged damages were caused, either in whole or in part, by wear, tear, marring, pre-existing damage, deterioration, and other non-covered losses under the Policy.  Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

> *SECTION I – PERILS INSURED AGAINST*
>
> *COVERAGE   A   –   DWELLING   AND   COVERAGE   B   –   OTHER STRUCTURES*
> ...
> *2. Caused by:*
> ...
> *e. Any of the following:*
> > *(1) Wear and tear, marring, deterioration;*
> > *(2) Inherent vice, latent defect, mechanical breakdown;*
> ...
> > *(8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.*
> ...

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof incurred allegedly as a result of a windstorm which occurred on July 5, 2021.  During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof.  It was ultimately determined that any alleged damages to the roof were the result of wind-driven rain entering the roofing surface from thermal expansion cracks in the ridge, failed prior repairs, and natural wear and tear common to a twenty-eight (28) year-old roof.  The causes of loss are specifically excluded under the Policy.  To the extent that Plaintiffs alleges the necessity to repair or replace items that are worn or deteriorated, those damages are not covered under the Policy.  As the alleged damages to the Subject Property are the result of these excluded causes, Plaintiffs are barred from recovery for these items.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied.  Plaintiffs alleged damages were caused, either in whole or in part, by non-covered losses under the Policy.  Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

*SECTION I – PERILS INSURED AGAINST*

*COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES*
*...*
*2. Caused by:*
*...*
*e. Any of the following:*

> *(1) Wear and tear, marring, deterioration;*
> *(2) Inherent vice, latent defect, mechanical breakdown;*
> *...*
> *(8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.*

*...*
*3. Excluded under Section I – Exclusions. Under items 1. and 2., any ensuing loss to property described in Coverages A and B not excluded or except in this policy is covered.*
*...*
*Section I – Exclusions*

*1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*
*...*

> *11. Existing Damage*
>
> > *a. Damage which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or claims for damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception. However, any ensuing loss arising out of workmanship, repairs or lack of repairs,*

6

> *caused by a Peril Insured Against, to property described under Section I – Property Coverages, is covered unless the loss is otherwise excluded in this policy. This Exclusion does not apply in the event of a total loss caused by a Peril Insured Against.*
>
> ...
>
> *2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.*
>
> ...
>
> > *c. Faulty, inadequate or defective:*
> >
> > *(1) Planning, zoning, development, surveying, siting;*
> > *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> > *(3) Materials used in repair, construction, renovation or remodeling; or*
> > *(4) Maintenance;*
> > *of part or all of any property whether on or off the "residence premises."*
>
> ...

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof, incurred allegedly as a result of a windstorm which occurred allegedly on July 5, 2021. During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof. Further, it was uncovered that there was no wind or hailstorm created opening through which the water was entering the Subject Property. Defendant determined that as a result there were no damages to the Subject Property as a result of a covered peril. As there was no storm-related opening in the exterior of the building, the alleged damages to the interior of the building occurred as a result of rain or other moisture, which are damages that are not covered under the Policy. As any alleged damages to the Subject Property are the result of non-covered losses, Plaintiffs are barred from recovery for such losses.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied.  Plaintiffs' alleged damages were caused, either in whole or in part, by excluded losses under the Policy.  Specifically, the Policy incorporating "Homeowners 3 Special Form Policy (HO 00 03 04 91)" states, in part:

*SECTION I – PERILS INSURED AGAINST*

*COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES*
*...*
*2. Caused by:*
*...*
*e. Any of the following:*

> *(1) Wear and tear, marring, deterioration;*
> *(2) Inherent vice, latent defect, mechanical breakdown;*

*...*

> *(8) Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through this opening.*

*...*
*3. Excluded under Section I – Exclusions. Under items 1. and 2., any ensuing loss to property described in Coverages A and B not excluded or except in this policy is covered.*
*...*
*Section I – Exclusions*

*1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.*
*...*

> *11. Existing Damage*

>> *a. Damage which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or claims for damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception. However, any ensuing loss arising out of workmanship, repairs or lack of repairs, caused by a Peril Insured Against, to property described under Section I – Property Coverages, is covered unless the*

8

> *loss is otherwise excluded in this policy. This Exclusion does not apply in the event of a total loss caused by a Peril Insured Against.*
>
> ...
>
> *2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.*
>
> ...
>
>> *c. Faulty, inadequate or defective:*
>>
>> *(1) Planning, zoning, development, surveying, siting;*
>> *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
>> *(3) Materials used in repair, construction, renovation or remodeling; or*
>> *(4) Maintenance;*
>> *of part or all of any property whether on or off the "residence premises."*
>
> ...

Plaintiffs filed a claim for damages to the interior of the Subject Property and to the roof, incurred allegedly as a result of wind damage which occurred allegedly as a result of a storm on July 5, 2021. During Defendant's inspection, it was determined that there was no wind or hail damage to the roof and no storm-created opening to the roof. It was ultimately determined that any alleged damages to the roof were the result of wind-driven rain entering the roofing surface from thermal expansion cracks in the ridge, failed prior repairs, and natural wear and tear common to a twenty-eight (28) year-old roof. These causes of loss are specifically excluded under the Policy. To the extent that Plaintiffs allege the necessity to repair or replace items that are worn or deteriorated, those damages are not covered under the Policy. As the alleged damages to the Subject Property are the result of these excluded causes, Plaintiffs are barred from recovery for these items.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

9

Defendant hereby incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied, and further asserts Defendant is entitled to a setoff of any recovery against it up to the amount of the applicable deductible under the Policy.

## REQUEST FOR TRIAL BY JURY

Defendant hereby requests trial by jury on all issues so triable of right by jury.

Date: April 11, 2022

Respectfully submitted,

By:    */s/ Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 104732)
Brian P. Henry (Fla. Bar No. 89069)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida 32803
Telephone:    (407) 284-4990
Email:    tgreer@rolfeshenry.com
bhenry@rolfeshenry.com
jamador@rolfeshenry.com
orlandoclerk@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of April 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 334321
Telephone:    (561) 892-9657
Fax:    (866) 641-4690
Email:    jdavis@kpattorney.com
edejesus@kpattorney.com
FirstPartyEService@kpattorney.com

*Attorneys for Plaintiffs*

/s/ *Tamara A. Greer*

Tamara A. Greer (Fla. Bar No. 1004732)

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                         CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**DEFENDANT'S NOTICE OF SERVICE OF
<u>FIRST SET OF INTERROGATORIES TO PLAINTIFF JENNIFER KENNEDY</u>**

Defendant National Specialty Insurance Company ("Defendant"), by and through their

undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby files

this Notice of Service of First Set of Interrogatories to Plaintiff Jennifer Kennedy.

Date: May 11, 2022           Respectfully submitted,

                  By:     */s/ Tamara A. Greer*_____
                          Tamara A. Greer (Fla. Bar No. 104732)
                          Brian P. Henry (Fla. Bar No. 89069)
                          ROLFES HENRY CO., LPA
                          3191 Maguire Boulevard, Suite 160
                          Orlando, Florida  32803
                          Telephone:    (407) 284-4990
                          Email:          tgreer@rolfeshenry.com
                                     bhenry@rolfeshenry.com
                                     jamador@rolfeshenry.com
                                     kdeglman@rolfeshenry.com

                          *Attorneys for Defendant*
                          *National Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of May, 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:    (561) 892-9657
Fax:          (866) 641-4690
Email:        jdavis@kpattorney.com
              edejesus@kpattorney.com
              FirstPartyEService@kpattorney.com

*Attorneys for Plaintiffs*

*/s/ Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 1004732)

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                          CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVICE OF
## <u>FIRST SET OF INTERROGATORIES TO PLAINTIFF JOHN KENNEDY</u>

      Defendant National Specialty Insurance Company ("Defendant"), by and through their

undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby files

this Notice of Service of First Set of Interrogatories to Plaintiff John Kennedy.

Date: May 11, 2022           Respectfully submitted,

               By:    */s/ Tamara A. Greer*_____
                     Tamara A. Greer (Fla. Bar No. 104732)
                     Brian P. Henry (Fla. Bar No. 89069)
                     ROLFES HENRY CO., LPA
                     3191 Maguire Boulevard, Suite 160
                     Orlando, Florida  32803
                     Telephone:  (407) 284-4990
                     Email:       tgreer@rolfeshenry.com
                                   bhenry@rolfeshenry.com
                                   jamador@rolfeshenry.com
                                   kdeglman@rolfeshenry.com

                     *Attorneys for Defendant*
                     *National Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of May, 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:     (561) 892-9657
Fax:               (866) 641-4690
Email:            jdavis@kpattorney.com
                      edejesus@kpattorney.com
                      FirstPartyEService@kpattorney.com

*Attorneys for Plaintiffs*

*/s/ Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 1004732)

2

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                          CASE NO.: 50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**DEFENDANT NATIONAL SPECIALTY INSURANCE COMPANY'S
FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JOHN KENNEDY**

      Defendant by and through its undersigned counsel and, pursuant to Florida Rule of Civil

Procedure 1.370, hereby serves its First Set of Requests for Admissions on Plaintiff John Kennedy

to be answered within thirty (30) days following service, as follows:

      1.      Please admit that, at all times relevant hereto, National Specialty Insurance
Company Policy No. VUW-HO-603050, is the applicable policy governing Plaintiff's claim
against Defendant in this matter.

**RESPONSE:**


      2.      Please admit that all claims filed under Policy No. VUW-HO-603050 are subject
to the definitions, conditions, exclusions, exceptions, and requirements contained therein.

**RESPONSE:**


      3.      Please admit that Policy No. VUW-HO-603050 provides coverage only for
"accidental direct loss" to the subject property.

**RESPONSE:**


      4.      Please admit that Policy No. VUW-HO-603050 does not provide coverage for
damage caused by wear and tear, marring, or deterioration.

**RESPONSE:**

      5.     Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage caused by rain, snow, sleet, sand or dust to the interior of the property unless a covered peril first damages the building causing an opening in a roof or outside wall through which the rain, snow, sleet, sand or dust enters into the property.

**RESPONSE:**

      6.     Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage which "occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of the policy".

**RESPONSE:**

      7.     Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage caused by faulty, inadequate or defective "design, specifications, workmanship, repair, construction, renovation…or Maintenance".

**RESPONSE:**

      8.     Please admit that Policy No. VUW-HO-603050 requires that you provide prompt notice to "us or our agent".

**RESPONSE:**

      9.     Please admit that the damages to the subject property were not the result of a sudden accidental loss.

**RESPONSE:**

      10.    Please admit that at least a portion of the damages to the subject property are the result of "wear tear, marring, and or deterioration".

**RESPONSE:**

11.     Please admit that the damages to the interior of the subject property are the result of damage caused by rain, snow, sleet, sand or dust which entered the property through openings that were not created by a storm.

**RESPONSE:**

12.     Please admit that there are no storm created openings in the exterior of the property.

**RESPONSE:**

13.     Please admit that at least a portion of the damages to the subject property occurred prior to the inception of the policy.

**RESPONSE:**

14.     Please admit that a portion of the damages to the subject property was caused by faulty, inadequate or defective "design, specifications, workmanship, repair, construction, renovation…or Maintenance".

**RESPONSE:**

15.     Please admit that you failed to timely report the loss to Defendant.

**RESPONSE:**

16.     Please admit that you are a citizen of, and domiciled in, the State of Florida. For the purposes of this request, the term domiciled is defined as the term is used in the opinion in *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).[1]

**RESPONSE:**

17.     Please admit that you are not a citizen of, and domiciled in, the State of Texas. For the purposes of this request, the term domiciled is defined as the term is used in the opinion in *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).[1]

---

[1] "'Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.' *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .' *Id.* at 1258 (internal quotation marks omitted)." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)

**RESPONSE:**


18.     Please admit the amount of damages Plaintiffs are seeking in this matter, exclusive of attorneys' fees and costs, is greater than Seventy-Five Thousand Dollars and No Cents ($75,000.00).

**RESPONSE:**


19.     Please admit the amount of damages Plaintiffs are seeking in this matter, inclusive of attorneys' fees, exclusive of costs, is equal to or less than Seventy-Five Thousand Dollars and No Cents ($75,000.00).

**RESPONSE:**

Date: May 11, 2022                          Respectfully submitted,

                          By:     */s/ Tamara A. Greer*
                                  Tamara A. Greer (Fla. Bar No. 104732)
                                  Brian P. Henry (Fla. Bar No. 89069)
                                  ROLFES HENRY CO., LPA
                                  3191 Maguire Boulevard, Suite 160
                                  Orlando, Florida  32803
                                  Telephone:     (407) 284-4990
                                  Email:         tgreer@rolfeshenry.com
                                                 bhenry@rolfeshenry.com
                                                 jamador@rolfeshenry.com
                                                 kdeglman@rolfeshenry.com


                                  *Attorneys for Defendant*
                                  *National Specialty Insurance Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of May 2022:


Jared Davis, Esq. (Fla. Bar No. 1024895)

Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:      (561) 892-9657
Fax:               (866) 641-4690
Email:            jdavis@kpattorney.com
                     edejesus@kpattorney.com
                     FirstPartyEService@kpattorney.com
*Attorneys for Plaintiffs*

                                        */s/ Tamara A. Greer*
                                        Tamara A. Greer (Fla. Bar No. 1004732)

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                      CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

### DEFENDANT NATIONAL SPECIALTY INSURANCE COMPANY'S
### FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JENNIFER KENNEDY

      Defendant by and through its undersigned counsel and, pursuant to Florida Rule of Civil

Procedure 1.370, hereby serves its First Set of Requests for Admissions on Plaintiff Jennifer

Kennedy to be answered within thirty (30) days following service, as follows:

      1.      Please admit that, at all times relevant hereto, National Specialty Insurance
Company Policy No. VUW-HO-603050, is the applicable policy governing Plaintiff's claim
against Defendant in this matter.

**RESPONSE:**


      2.      Please admit that all claims filed under Policy No. VUW-HO-603050 are subject
to the definitions, conditions, exclusions, exceptions, and requirements contained therein.

**RESPONSE:**


      3.      Please admit that Policy No. VUW-HO-603050 provides coverage only for
"accidental direct loss" to the subject property.

**RESPONSE:**


      4.      Please admit that Policy No. VUW-HO-603050 does not provide coverage for
damage caused by wear and tear, marring, or deterioration.

**RESPONSE:**

     5.    Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage caused by rain, snow, sleet, sand or dust to the interior of the property unless a covered peril first damages the building causing an opening in a roof or outside wall through which the rain, snow, sleet, sand or dust enters into the property.

**RESPONSE:**

     6.    Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage which "occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of the policy".

**RESPONSE:**

     7.    Please admit that Policy No. VUW-HO-603050 does not provide coverage for damage caused by faulty, inadequate or defective "design, specifications, workmanship, repair, construction, renovation…or Maintenance".

**RESPONSE:**

     8.    Please admit that Policy No. VUW-HO-603050 requires that you provide prompt notice to "us or our agent".

**RESPONSE:**

     9.    Please admit that the damages to the subject property were not the result of a sudden accidental loss.

**RESPONSE:**

     10.    Please admit that at least a portion of the damages to the subject property are the result of "wear tear, marring, and or deterioration".

**RESPONSE:**

11.     Please admit that the damages to the interior of the subject property are the result of damage caused by rain, snow, sleet, sand or dust which entered the property through openings that were not created by a storm.

**RESPONSE:**

12.     Please admit that there are no storm created openings in the exterior of the property.

**RESPONSE:**

13.     Please admit that at least a portion of the damages to the subject property occurred prior to the inception of the policy.

**RESPONSE:**

14.     Please admit that a portion of the damages to the subject property was caused by faulty, inadequate or defective "design, specifications, workmanship, repair, construction, renovation…or Maintenance".

**RESPONSE:**

15.     Please admit that you failed to timely report the loss to Defendant.

**RESPONSE:**

16.     Please admit that you are a citizen of, and domiciled in, the State of Florida. For the purposes of this request, the term domiciled is defined as the term is used in the opinion in *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).[1]

**RESPONSE:**

17.     Please admit that you are not a citizen of, and domiciled in, the State of Texas. For the purposes of this request, the term domiciled is defined as the term is used in the opinion in *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).[1]

---

[1] "'Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.' *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .' *Id*. at 1258 (internal quotation marks omitted)." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)

**RESPONSE:**

18.     Please admit the amount of damages Plaintiffs are seeking in this matter, exclusive of attorneys' fees and costs, is greater than Seventy-Five Thousand Dollars and No Cents ($75,000.00).

**RESPONSE:**

19.     Please admit the amount of damages Plaintiffs are seeking in this matter, inclusive of attorneys' fees, exclusive of costs, is equal to or less than Seventy-Five Thousand Dollars and No Cents ($75,000.00).

**RESPONSE:**

Date: May 11, 2022                    Respectfully submitted,

By:     /s/ Tamara A. Greer
        Tamara A. Greer (Fla. Bar No. 104732)
        Brian P. Henry (Fla. Bar No. 89069)
        ROLFES HENRY CO., LPA
        3191 Maguire Boulevard, Suite 160
        Orlando, Florida  32803
        Telephone:    (407) 284-4990
        Email:        tgreer@rolfeshenry.com
                      bhenry@rolfeshenry.com
                      jamador@rolfeshenry.com
                      kdeglman@rolfeshenry.com

        *Attorneys for Defendant*
        *National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 11th day of May 2022:

4

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:      (561) 892-9657
Fax:             (866) 641-4690
Email:          jdavis@kpattorney.com
                edejesus@kpattorney.com
                FirstPartyEService@kpattorney.com
*Attorneys for Plaintiffs*


                                    */s/ Tamara A. Greer*
                                    Tamara A. Greer (Fla. Bar No. 1004732)

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                          CASE NO.: 50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**<u>DEFENDANT'S OBJECTION TO PLAINTIFFS' REPLY AND MOTION
TO STRIKE DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES</u>**

      Defendant National Specialty Insurance Company, by and through its undersigned counsel and, pursuant to Fla. R. Civ. P. 1.160, hereby files its Objection to Plaintiffs' Reply and Motion to Strike Defendant's Answer and Affirmative Defenses (hereinafter "Plaintiffs' Reply"). In support thereof, Defendant would show this Honorable Court as follows:

      1.      Plaintiffs filed a one-count complaint for breach of contract against the Defendant on March 11, 2022 and served Defendant with said complaint on March 21, 2022.

      2.      On April 11, 2022, Defendant filed its Answer and Affirmative Defenses to Count I of Plaintiffs' Complaint.

      3.      Plaintiffs then filed Plaintiffs' Reply on April 28, 2022, denying each of Defendant's Affirmative Defenses.

      4.      In Plaintiffs' Reply, Plaintiffs claim that Defendant's Affirmative Defenses are bare legal conclusions, policy regurgitation, pled without any factual support and/or unsupported by applicable case law and/or Florida law.

5.     However, Defendant stands by its Affirmative Defenses as each one contains facts to support the defense, policy language which governs those particular facts, and analysis of the facts and policy language together to form a well-founded conclusion.

## MEMORANDUM OF LAW

### I.     Affirmative Defenses in General

According to Rule 1.140(b) of the Florida Rules of Civil Procedure, "every defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading. . . [t]he grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued must be stated specifically and with particularity in the responsive pleading or motion."

Further, as stated in Plaintiffs' Reply, "[w]hen pleading an Affirmative Defense, 'the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence.'" *Zito v. Washington Federal Savings & Loan Association of Miami Beach,* 318 So. 2d 175, 176 (Fla. 3d DCA 1975); *Walker v. Walker,* (254 So. 2d 832 (Fla. 1st DCA 1971; *see also Cady v. Chevy Chase Savings & Loan, Inc.,* 528 So. 2d 136 (Fla. 4th DCA 1988).

### II.     Defendant's Answer and Affirmative Defenses

Defendant's Affirmative Defenses are intended to allege the Defendant's defenses to Plaintiffs' complaint.

In Defendant's First Affirmative Defense, Defendant declares what the alleged damages were caused by, quotes the specific policy provisions that apply, states the applicable facts that occurred and then applies those facts to the Policy provisions to conclude the Defendant's First Affirm Defense. For example, "Defendant [] incorporates the factual allegations asserted by

2

Plaintiffs in the Complaint, to the extend not denied." Defendant then states that "Plaintiffs' alleged damages were caused, either in whole or in part, by wear, tear, marring, pre-existing damage, deterioration, and other non-covered losses under the Policy." Defendant then quotes the specific Policy provisions in approximately one specific paragraph of the 76-page Policy to which the First Affirmative Defense pertains, followed by specific facts and analysis of those facts to the Policy.

In Defendant's Second Affirmative Defense, Defendant follows the same pattern as its First Affirmative Defense - first alleging what the causation of damages were, quoting specific policy provisions, stating the applicable facts that occurred, followed by an application of those facts to the Policy provisions concluding Defendant's Second Affirmative Defense. Defendant again "incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied" and alleges that the damages were non-covered losses. Defendant then proceeds with approximately three specific paragraphs of the 76-page Policy to which the Second Affirmative Defense pertains, followed by specific facts and analysis of those facts to the Policy.

In Defendant's Third Affirmative Defense, Defendant again follows that same pattern as its First and Second Affirmative Defenses of stating causation, specific policy provisions, facts, and application of facts to Policy provisions to conclude Defendant's Third Affirmative Defense. Defendant again "incorporates the factual allegations asserted by Plaintiffs in the Complaint, to the extent not denied" and alleges that damages were excluded losses under the Policy. Defendant then proceeds with approximately three specific paragraphs of the 76-page Policy to which the Third Affirmative Defense pertains, followed by specific facts and analysis of those facts to the Policy.

3

### III.    Plaintiffs' Reply and Motion to Strike

Defendant contends that the Memorandum of Law in Plaintiffs' Reply is one long string citation about pleading specificity without any argument or mention of the specifics of this case and this pleading, the irony of which is not lost on Defendant considering Plaintiff's Reply provides no specific explanation as to how Defendant's Affirmative Defenses are bare legal conclusions. Plaintiffs Reply provides no specific argumentation as to how, specifically, Defendant's Affirmative Defenses are just policy regurgitation. Plaintiffs' Reply also provides no specific explanation as to how specifically Defendant's Affirmative Defenses are plead without any factual support and/or unsupported by applicable case law and/or Florida law. Plaintiffs' Reply is completely unsubstantiated, without any facts or analysis and should be denied. Contrary to Plaintiffs' Reply, Defendant has indeed complied with the Florida Rules of Civil Procedure in supplying its Answer and Affirmative Defenses and thus Plaintiffs' Reply should be denied.

**WHEREFORE** the Defendant respectfully requests this Honorable Court to enter its order denying Plaintiffs' Reply along with whatever further relief this Court deems just.

Date: May 19, 2022,                    Respectfully submitted,

By:    /s/ Tamara A. Greer
        Tamara A. Greer (Fla. Bar No. 104732)
        Brian P. Henry (Fla. Bar No. 89069)
        ROLFES HENRY CO., LPA
        3191 Maguire Boulevard, Suite 160
        Orlando, Florida 32803
        Email:        tgreer@rolfeshenry.com
                        bhenry@rolfeshenry.com
                        jamador@rolfeshenry.com
                        kdeglman@rolfeshenry.com
        *Attorneys for Defendant*
        *National Specialty Insurance Company*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 19th day of May 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 334321
Telephone:     (561) 892-9657
Fax:             (866) 641-4690
Email:          jdavis@kpattorney.com
                edejesus@kpattorney.com
                     FirstPartyEService@kpattorney.com
*Attorney for Plaintiffs*

/s/ *Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 1004732)

5

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.: 50-2022-CA-002300-XXXX-MB

      Plaintiff(s),

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFFS' NOTICE FOR TRIAL

      COMES NOW, Plaintiffs, JOHN KENNEDY, AND JENNIFER KENNEDY, by and

through undersigned counsel, files this Notice for Trial, and states as follows:

1.  Defendant filed its Answer and Affirmative Defenses on April 11, 2022.

2.  This matter is at issue as no motion is being filed directed at the Answer and Affirmative

Defenses.

3.  Plaintiff now files this notice that this action is at issue and ready to be set for trial.

4.  The trial should take approximately 3-4 days in front of a jury.

5.  The trial is the original action.

*\*\*\*Certificate of Service is on the following page\*\*\**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via

Florida Courts E-Filing Portal on this 20th day of May 2022.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiff
925 S. Federal Highway, Second Floor
Boca Raton, FL 33432
Phone: (561) 424-0032
Fax: (561) 853-2188
Email: jdavis@kpattorney.com
      edejesus@kpattorney.com
      FirstPartyEService@kpattorney.com

By*: /s/ Jared Davis*_____
JARED DAVIS, ESQ.
Florida Bar No.: 1024895

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,                              CASE NO.: 50-2022-CA-002300-XXXX-MB

     Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFFS' NOTICE OF WITHDRAWAL OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES DATED APRIL 28, 2022

COMES NOW, the Plaintiffs, JOHN KENNEDY, AND JENNIFER KENNEDY, by and through their undersigned counsel, and hereby gives Notice of Withdrawal of Plaintiffs' Motion to Strike Defendant's Answer & Affirmative Defenses, in Response to Plaintiffs' Complaint dated April 28, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant via Florida's E-Filing Portal on this 31st day of May 2022.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiff
925 S. Federal Highway
Boca Raton, FL 33432
Phone: (561) 892-9657
Fax:   (561) 853-2188
**Court Phone Number: (1-888) 824-7834**
Email: jdavis@kpattorney.com
      edejesus@kpattorney.com
      FirstPartyEService@kpattorney.com

By: _/s/ Jared Davis_____
JARED DAVIS, ESQ.
Florida Bar No.: 1024895

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

JOHN KENNEDY AND
JENNIFER KENNEDY,

CASE NO.: 50-2022-CA-002300-XXXX-MB

     Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME
## TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS

COMES NOW the Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, by and through the undersigned attorney, and submits their Motion for Extension of Time to Respond to Defendant's Discovery Requests, and as grounds states as follows:

1. Defendant served Interrogatories, Request for Production, and Request for Admission, (hereinafter referred to as "Discovery Requests") upon the Plaintiffs on or about May 11, 2022.

2. The undersigned requires additional time to respond to Defendant's Discovery Requests.

3. The motion is filed in good faith and not for the purposes of delay.

4. The Defendant will not be prejudiced by the granting of this Motion.

Page **1** of 2

WHEREFORE, Plaintiffs, JOHN KENNEDY AND JENNIFER KENNEDY, respectfully requests this Court to enter an Order granting Plaintiffs an additional thirty (30) days from the date of the Order on this Motion to issue their response to the Defendant's Discovery Requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via e-service to all parties of record on this 10th day of June 2022.

> **KANNER & PINTALUGA, P.A.**
> Attorneys for Plaintiffs
> 2020 Ponce De Leon, PH2
> Coral Gables, FL 33134
> Phone: (561) 892-9657
> Fax:    (866) 641-4690
> **Court Phone Number: (1-888) 824-7834**
> Email: jdavis@kpattorney.com
>             edejesus@kpattorney.com
>             FirstPartyEService@kpattorney.com
>
> By: */s/ Jared Davis*
>             JARED DAVIS, ESQ.
>             Florida Bar No.: 1024895

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                           CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

<u>**DEFENDANT'S NOTICE OF SERVICE OF ITS FIRST
PROPOSAL FOR SETTLEMENT TO PLAINTIFF JENNIFER KENNEDY**</u>

      Defendant National Specialty Insurance Company ("Defendant" or "NSIC") by and through its undersigned counsel, does hereby give notice of serving of its first proposal for settlement upon Plaintiff Jennifer Kennedy, on this date.

Date: June 13, 2022               Respectfully submitted,

                         By: /s/*Tamara A. Greer*
                             Tamara A. Greer (Fla. Bar No. 104732)
                             Brian P. Henry (Fla. Bar No. 89069)
                             ROLFES HENRY CO., LPA
                             3191 Maguire Boulevard, Suite 160
                             Orlando, Florida  32803
                             Email:      tgreer@rolfeshenry.com
                                         bhenry@rolfeshenry.com
                                       jamador@rolfeshenry.com
                                       kdeglman@rolfeshenry.com

                             *Attorneys for Defendant*
                             *National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 13th day of June 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:    (561) 892-9657
Fax:              (866) 641-4690
Email:          jdavis@kpattorney.com
                    edejesus@kpattorney.com
                    FirstPartyEService@kpattorney.com
*Attorney for Plaintiffs*

/s/ Tamara A. Greer
Tamara A. Greer (Fla. Bar No. 1004732)

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

     Plaintiffs,

v.                                                     CASE NO.:  50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

**<u>DEFENDANT'S NOTICE OF SERVICE OF ITS FIRST
PROPOSAL FOR SETTLEMENT TO PLAINTIFF JOHN KENNEDY</u>**

     Defendant National Specialty Insurance Company ("Defendant" or "NSIC") by and

through its undersigned counsel, does hereby give notice of serving of its first proposal for

settlement upon Plaintiff John Kennedy, on this date.

Date: June 13, 2022                              Respectfully submitted,

                                    By: /s/*Tamara A. Greer*
                                    Tamara A. Greer (Fla. Bar No. 104732)
                                    Brian P. Henry (Fla. Bar No. 89069)
                                    ROLFES HENRY CO., LPA
                                    3191 Maguire Boulevard, Suite 160
                                    Orlando, Florida  32803
                                    Email:        tgreer@rolfeshenry.com
                                                    bhenry@rolfeshenry.com
                                                    jamador@rolfeshenry.com
                                                  kdeglman@rolfeshenry.com

                                    *Attorneys for Defendant*
                                    *National Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 13th day of June 2022:

Jared Davis, Esq. (Fla. Bar. No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL  334321
Telephone:    (561) 892-9657
Fax:            (866) 641-4690
Email:          jdavis@kpattorney.com
                   edejesus@kpattorney.com
                   FirstPartyEService@kpattorney.com
*Attorney for Plaintiffs*

                                            */s/ Tamara A. Greer*
                                            Tamara A. Greer (Fla. Bar No. 1004732)

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JOHN KENNEDY AND
JENNIFER KENNEDY,

      Plaintiffs,

v.                         CASE NO.: 50-2022-CA-002300-XXXX-MB

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**DEFENDANT'S NOTICE OF RELATED CASES
AND MOTION TO CONSOLIDATE RELATED CASES**

      Defendant National Specialty Insurance Company, by and through its undersigned counsel

and, pursuant to Florida Statutes § 627.71053 hereby gives notice of the existence of the following

related matters to this Court:

      1.      Following are the style, case number and venue of all cases which are related to the

above-styled matter:

> *John Kennedy and Jennifer Kennedy,* Case number. 50-2022-CA-002300-XXXX-
>
> MB, Pending in the Circuit Court of the Fifteenth Judicial Circuit in and for
>
> Palm Beach County, Florida
>
> *iTest Environmental,LLC,* Case number. 50-2022-CC-4787-XXXX-MB (RL),
>
> Pending in the County Court for Palm Beach County, Florida

      2.      Florida Statutes § 627.71053 provides as follows:

> Each party that is aware of ongoing multiple actions involving coverage
> provided under the same residential property insurance policy for the same
> property with the same owners must provide written notice to the court of
> the multiple actions. Upon notification of any party, the court may order
> that the actions be consolidated and transferred to the court having

jurisdiction based on the total amount in controversy of all consolidated claims. If multiple cases are pending in circuit courts, the cases may be consolidated based on the date on which the first case was filed.

3.      Further, Rule 1.270(a) of the Florida Rules of Civil Procedure provides as follows:

Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

4.      The above-styled cases involve common questions of law and fact, in each of the lawsuits involve the same insurance claim made on the same policy and were submitted to the Defendant. All theories in the lawsuits arise from the same set of operative facts and involve the same parties.

5.      Neither of the above-styled cases is set for trial. Consolidating these cases will avoid unnecessary costs and delay and will advance the just, speedy, and inexpensive determination of all such cases.

6       In addition, if the Court refuses to consolidate these cases, there is a possibility of inconsistent verdicts. When there is a possibility of inconsistent and repugnant verdicts, a trial court departs from the essential requirements of law by not ordering consolidation. *See U-haul Co. of Northern Fla. v. White*, 503 So. 2d 332, 333 (Fla. 1st DCA 1986); *Tommie v. LaChance*, 412 So. 2d 439, 441 (Fla. 4th DCA 1982).

WHEREFORE, Defendant respectfully moves this Honorable Court to consolidate these matters in the *John Kennedy and Jennifer Kennedy v. National Specialty Insurance Company* matter pending in Circuit Court, Case Number 50-2022-CA-002300-XXXX-MB, in accordance with the statute.

Date: June 16, 2022,                          Respectfully submitted,

                                  By:     */s/ Tamara A. Greer*
                                          Tamara A. Greer (Fla. Bar No. 104732)
                                          Brian P. Henry (Fla. Bar No. 89069)
                                          ROLFES HENRY CO., LPA
                                          3191 Maguire Boulevard, Suite 160
                                          Orlando, Florida  32803
                                          Telephone:    (407) 284-4990
                                          Email:        tgreer@rolfeshenry.com
                                                        bhenry@rolfeshenry.com
                                                        jamador@rolfeshenry.com
                                                        kdeglman@rolfeshenry.com

                                          *Attorneys for Defendant*
                                          *National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via

e-mail on counsel for all parties at the email addresses below or has been served by automatic

service by the Court's e-filing system, on this 16th day of June 2022:

Jared Davis, Esq. (Fla. Bar No. 1024895)
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 334321
Telephone:    (561) 892-9657
Fax:          (866) 641-4690
Email:        jdavis@kpattorney.com
              edejesus@kpattorney.com
                    FirstPartyEService@kpattorney.com

*Attorneys for Plaintiffs*

                                          */s/ Tamara A. Greer*
                                          Tamara A. Greer (Fla. Bar No. 1004732)